UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Hakeem Sultaana,                     Case No. 1:14-cv-1382

         Plaintiff

    v.                                   MEMORANDUM OPINION
                                      AND ORDER

Cuyahoga County Sheriff
Frank Bova, *et al.*,

         Defendants

      Plaintiff is a *pro se* state prisoner currently confined in the Lorain Correctional Institution. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has not paid the filing fee and seeks to proceed *in forma pauperis*. (Doc. No. 2.)

      Petitioner challenges conduct taken toward him during criminal proceedings in Cuyahoga County, Ohio, including in criminal case 571616 (*see* Docket for *State v. Sultaana*, No. CR-13-571616-A (Cuyahoga Cty. Ct. of Common Pleas)), in which petitioner was tried, convicted, and sentenced to a term of imprisonment for tampering with records kept by or belonging to a government entity, forgery, securing writings by deception, and theft. Petitioner contends he is currently being unlawfully restrained because an invalid process was used to bring him in front of the trial court that sentenced him and imposed unlawful conditions on him. Petitioner asserted similar claims in a prior habeas case he filed in the Northern District of Ohio pursuant to 28 U.S.C. § 2254. *See Sultaana v. Bova*, No. 1: 14 CV 1235 (N.D. Ohio). Judge Nugent dismissed petitioner's § 2254 petition without prejudice on June 11, 2014, because petitioner had not fully exhausted his state court remedies.

1

I must dismiss petitioner's present petition upon initial screening. Petitioner filed the present petition pursuant to 28 U.S.C. § 2241, which authorizes district courts to issue a writ of habeas corpus to a state or federal prisoner who is in custody in violation of the Constitution of law or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). The Sixth Circuit has made clear, however, that even though both Sections 2241 and 2254 authorize a challenge to the legality of state custody, habeas petitions of state prisoners are governed by § 2254 regardless "of the label on the statutory underpinning" used. *Bryd v. Bagley*, 37 Fed. App'x 94, 95 (6th Cir. 2002). A petitioner cannot evade the procedural requirements of § 2254, including the requirement that state remedies be exhausted, by filing a § 2241 petition. *See id.* This petition therefore must be brought under § 2254.

Accordingly, I will summarily dismiss this § 2241 petition because petitioner's asserted claims must be pursued pursuant to § 2254 rather than § 2241, and petitioner has already filed a § 2254 petition in the Northern District of Ohio. His § 2254 petition was dismissed without prejudice to his filing a motion to re-open once he exhausts his state-court remedies. *See Sultaana v. Bova*, No. 1: 14 CV 1235 (N.D. Ohio).

## Conclusion

For the reasons stated above, this § 2241 petition is dismissed. In light of this dismissal, the motions the petitioner has filed in the case are all denied as moot: (Doc. Nos. 3, 4, 5, 6, 7, 8, and 9). Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. Reasonable jurists could not debate that petitioner's claims must be asserted under § 2254.

So Ordered.

    s/Jeffrey J. Helmick
    United States District Judge